# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              CASE NO. 4:22-CR-00266-BSM

CHAD MICHAEL SIMONS                                                                         DEFENDANT

## ORDER

The government's objection [Doc. No. 42] to the presentence investigation report's (PSR) determination that Chad Michael Simons is not an armed career criminal is overruled.

## I. BACKGROUND

Simons pled guilty to being a felon in possession of a firearm. Doc. No. 39. After conducting an investigation, the probation office issued a PSR stating that Simons is not an armed career criminal because his 2016 conviction for possessing methamphetamine with intent to deliver is not a predicate offense under the Armed Career Criminal Act (ACCA). The government objects to this determination, arguing that Simons's 2016 conviction is a predicate offense because the Arkansas statute under which Simons was convicted merely criminalizes conduct that violates federal law. Doc. Nos. 42 & 57.

## II. LEGAL STANDARD

Typically, defendants convicted of being felons in possession of firearms, for offenses occurring before June 25, 2022, face maximum sentences of 10 years' imprisonment. *See United States v. Bartel*, 698 F.3d 658, 660–61 (8th Cir. 2012); *see also United States v. Banks*, No. 23-4032, 2024 WL 2989710, at *1 n.1 (4th Cir. June 14, 2024) (unpublished per

curiam). A defendant convicted of being a felon in possession of a firearm, however, faces a mandatory minimum sentence of fifteen years when he has three prior convictions for violent felonies and/or serious drug offenses. *See* 18 U.S.C. § 924(e).

A violent felony is "any crime punishable by imprisonment for a term exceeding one year . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

A serious drug offense involves "manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substance Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). A state drug conviction is a predicate offense under the ACCA, when it involves a controlled substance under federal law. *See Brown v. United States*, 602 U.S. 101, 123 (2024) (a state drug conviction counts as an ACCA predicate if it involves a drug on the federal schedules at the time of that offense). A state drug conviction does not qualify as a predicate offense under the ACCA when the state statute is more broadly written or punishes more conduct than the federal statute. *See United States v. Owen*, 51 F.4th 292, 294 (8th Cir. 2022).

III. DISCUSSION

Simons is not an armed career criminal because he has only two—not three—ACCA predicate offenses.

    A.    <u>ACCA Predicate Offense #1: Simons's 2005 Cocaine Conviction</u>

Simons's 2005 cocaine conviction is an ACCA predicate drug offense. *See United States v. Meux*, 918 F.3d 589, 590–91 (8th Cir. 2019) (per curiam); *see also* U.S. Sentencing Memorandum 9–12, Doc. No. 42 (explaining why).

    B.    <u>ACCA Predicate Offense #2: Simons's 2010 Robbery Conviction</u>

Simons's 2010 robbery conviction is an ACCA predicate violent felony offense. *See United States v. Mallett*, 66 F.4th 734, 736 (8th Cir. 2023) (per curiam) (citing *United States v. Thomas*, 811 F. App'x 390, 391 (8th Cir. 2020) (unpublished per curiam)) ("an Arkansas robbery conviction is a violent felony under the ACCA").

    C.    <u>Simons's 2016 Methamphetamine Conviction</u>

Simons's 2016 methamphetamine conviction is not an ACCA predicate drug offense because, at the time Simons committed the offense, the state statute was more broadly written and punished more conduct than the federal statute.

In 2016, 21 Code of Federal Regulations section 1308.12(d)(2) and Arkansas Administrative Code section 007.07.2, Schedule II, Subsection (d)(2) shared the following definition: "methamphetamine, its salts, isomers, and salts of its isomers." The federal definition categorized isomers as "the optical isomer, except as used in schedule I(c) and

3

schedule II(a)(4). As used in schedule I(c), the term 'isomer' means any optical, positional, or geometric isomer. As used in schedule II(a)(4), the term 'isomer' means any optical or geometric isomer." 21 U.S.C. § 802(14) (West 2016). The state definition did not include this limitation. Limitations to the term isomer were also included in other parts of the Arkansas state statute. *See* Ark. Admin. Code § 007.07.2, Schedule I, Subsection (b) (West 2016) (the term isomer for opiates "includes the optical and geometric isomers"); *id.* Subsection (d) (the term isomer for hallucinogenic substances "includes the optical, position, and geometric isomers"). Because a limitation was not included for the term isomer for methamphetamine, the Arkansas statute is most clearly read to include all isomers of methamphetamine. *See United States v. Henry*, No. 22-1036, 2023 WL 3861791, at *1–3 (8th Cir. June 7, 2023) (unpublished per curiam) (analyzing a Minnesota statute similarly).

The government argues that there is not a realistic probability that Simons was convicted for trafficking a non-optical isomer of methamphetamine. This argument is well-taken and almost certainly true, but the Eighth Circuit has rejected utilizing the realistic probability rule for ACCA predicate serious drug offenses. *See United States v. Meyers*, 56 F.4th 595, 603 (8th Cir. 2022) (Loken, J., dissenting) (urging an en banc court to consider the issue).

Accordingly, as the Arkansas statute included non-optical isomers, it was broader than the federal definition and therefore Eighth Circuit precedent supports the conclusion that Simons's 2016 conviction is not an ACCA predicate offense.

## IV. CONCLUSION

For these reasons, the government's objection to the PSR's determination that Simons is not an armed career criminal is overruled.

IT IS SO ORDERED this 2nd day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE